IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

    Petitioner,                   No. 2:11-cv-1642 JFM (HC)

    vs.

WARDEN OF SAN QUENTIN STATE PRISON,

    Respondent.                  ORDER

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). <u>See</u> Consent filed July 13, 2011.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. <u>See</u> 28 U.S.C. § 1915(a).

        Petitioner challenges a 2009 conviction that he suffered in the Yolo County Superior Court for trafficking of marijuana. Petition, filed June 17, 2011, at 2. Petitioner claims that his rights under the Fourth Amendment to the United States Constitution were violated by a pretextual and warrantless traffic stop.

1

In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. "The relevant inquiry is whether [the] petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996).

Rule 4 of the Habeas Rules requires a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. It plainly appears from the petition that petitioner had an opportunity to litigate his Fourth Amendment claim in the state courts. See Petition at 4-5. For that reason, petitioner may not relitigate that claim in this federal habeas corpus action. Accordingly, this action should be summarily dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where a petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

/////

      For the reasons set forth in this order, petitioner's Fourth Amendment claim is not cognizable in this action. Accordingly, this court will not issue a certificate of appealability.

      In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. The Clerk of the Court shall serve a copy of this order and a copy of the petition for writ of habeas corpus on Michael Patrick Farrell, Senior Assistant Attorney General;

3. This action is summarily dismissed; and

4. This court declines to issue a certificate of appealability.

DATED: July 25, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
soto1642.dm